IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEROY STERLING, JR. | : | CIVIL ACTION |
| *UNITED STATES OF AMERICA EX.* | : | |
| *REL., A FREE MAN AND HONORABLE* | : | No. 18-159 |
| *DISCHARGE SERVICE MAN, AND AS* | : | |
| *HEIR-BENEFICIARY AND AGGRIEVED* | : | |
| *PARTY* | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN DIGIORGIO, et al. | : | |

## MEMORANDUM

**Juan R. Sánchez, J.**                                                         **March 19, 2018**

Pro se Plaintiff Leroy Sterling, Jr., individually and as "heir-beneficiary-trustee" of the Sterling Heirs Family Trust, brings claims against John DiGiorgio, Robert Gore (or Gora),[1] and various "John Doe" Defendants, arising out of the alleged theft of real property owned by Sterling. Although not immediately apparent from Sterling's initial filing, this action is a removal of an action Sterling previously filed in the Court of Common Pleas of Philadelphia County. DiGiorgio has filed a motion to dismiss this action, arguing this Court (1) lacks subject matter jurisdiction over this action because the federal removal statutes do not permit a plaintiff to remove his own case to federal court, and (2) lacks jurisdiction over DiGiorgio because the claims against DiGiorgio in Sterling's state court complaint were dismissed by way of a judgment non pros two days before Sterling removed the case to federal court. Because the Court agrees the removal of this case was improper, DiGiorgio's motion will be granted insofar as this case will be remanded to state court.

---

[1] Gore is identified as Robert Gora in Sterling's underlying state court complaint.

**BACKGROUND**

In May 2017, Sterling filed a civil action against John DiGiorgio, Robert Gora, and various "John Doe" Defendants in the Court of Common Pleas of Philadelphia County using a form complaint bearing the caption, "Action to Quiet Title (Fraudulent Conveyance)." In his state court complaint, Sterling alleges that property he purchased at 1425–1443 N. American Street in Philadelphia "was stolen by agents, officers or attorneys acting as persons under the authority of the (In Rem) entity and or the CITY OF PHILADELPHIA."[2] State Compl. 3. He further alleges Defendants, "acting as ATTORNEY(s) and City employees, agents and other," caused injury to his "land, goods, person and reputation"; deprived him of a "Guaranteed Remedy" pursuant to Article 1, § 11 of the Pennsylvania Constitution[3]; "did do acts which resemble (Fraud/Pa. Fraudulent Business Practice Act)"; and violated his rights under state and federal law, including 18 U.S.C. § 242, a federal criminal civil rights statute. *See id.* The complaint requests return of the property and other unspecified remedies. *See id.* at 4. In an

---

[2] Based on the exhibits to Sterling's state court complaint, it appears he acquired the real property that is the subject of this action from the Philadelphia Redevelopment Authority and/or the Philadelphia Authority for Industrial Development in 2002 for $10,000. Sterling alleges the property was later stolen from him and his trust heir-beneficiaries and re-sold to a third party for $80,000.

[3] This provision, captioned "Courts to be open, suits against the Commonwealth," states:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such case as the Legislature may by law direct.

Pa. Const. art. 1, § 11. In the exhibits to his state court complaint, Sterling also invokes 42 Pa. Cons. Stat. Ann. § 5101, which provides that "[e]very person for a legal injury done him in his lands, goods, person, or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

affidavit attached to the complaint, Sterling also appears to seek damages and a state or federal grand jury investigation of the persons responsible for the theft of his property. *See id.* Ex. D.

On January 12, 2018, Sterling filed a "Notice of Removal and Stay" in the state court action, explaining that he was seeking to remove the case from the "improper lower court without subject matter jurisdiction" to the "proper federal (criminal section)" so as to pursue criminal remedies against Defendants under state and federal law, including the federal criminal civil rights statutes, 18 U.S.C. § 241 and 242. The notice of removal includes a demand for state and federal grand jury investigations and prosecutions of Defendants for offenses relating to the theft of Sterling's property. In light of the filing of the notice of removal, the Court of Common Pleas forwarded the original record in the case, together with a certified copy of the docket entries, to this Court.

The same day he filed his notice of removal in state court, Sterling submitted the notice for filing in this Court, along with a completed form civil rights complaint and a completed form criminal complaint.[4] Sterling also included his state court complaint as an exhibit to his federal court filing. Like his state court complaint, Sterling's civil rights complaint asserts claims against John DiGiorgio, Robert Gore, and various "John Doe" Defendants, arising out of the alleged theft of his real property. The civil rights complaint alleges Sterling was the victim of an "organized land theft" by Zoning Board Chair David Auspitz and City Commerce Department worker Vincent Dougherty, who "made up a[n] elaborate plan to steal [Sterling's] land for David Auspitz Cookie Factory," with the help of "Hired Lawyer John DiGiorgio and a List of Helpers,"

---

[4] Sterling submitted these materials together with an application for leave to proceed in forma pauperis, which this Court denied without prejudice for lack of sufficient financial information on January 17, 2018. Sterling thereafter paid the required filing fee, and his civil rights complaint was filed, with the criminal complaint and notice of removal attached, on January 23, 2018.

all in violation of "State and Federal Statutes," including the federal RICO statute. Fed. Compl. 4. In addition to seeking return of his property and damages, Sterling seeks to have Defendants investigated and prosecuted for violations of the federal civil rights statutes, 18 U.S.C. §§ 241 and 242, and other state and federal laws. He also again invokes "Every Man's Injury remedy" under Article I, § 11 of the Pennsylvania Constitution. Sterling's criminal complaint alleges violations of various criminal statutes, including 18 U.S.C. §§ 241 and 242, by DiGiorgio and two other individuals.

Because Sterling's notice of removal appeared as an exhibit to his civil rights complaint, this action was docketed as a new civil action rather than a removal action, and summonses were issued for the two named Defendants.[5] Upon review of the record, however, it is now apparent the action is, in fact, an effort by Sterling to remove his state court action to federal court based on the existence of federal claims against Defendants. Notably, all parties, including Sterling, have treated the case as a removal action. After Sterling filed his notice of removal in state court, the state court treated the case as removed and forwarded the state court record to this Court. DiGiorgio has also treated the case as a removal action, having moved to dismiss this action in part on the basis that it was improperly removed. And Sterling's own filings confirm that he regards the case as a removal action. Although the removal notice he filed in this Court was accompanied by a new civil rights complaint, his civil cover sheet refers to the action as a removal action, noting the case is "Removed From Pa. Phila, civil court," and citing to his notice

---

[5] Although the docket reflects that summonses were issued only as to DiGiorgio and Gore, Sterling apparently served summonses on a host of other individuals, none of whom are named as Defendants in any of his complaints. *See* Aff. of Service, ECF No. 7. The validity of these summonses is questionable, given the absence of any indication the summonses were issued by the Clerk of Court. *See* Fed. R. Civ. P. 4(b) (providing that summonses are to be "sign[ed], seal[ed], and issue[d]" by the Clerk of Court).

of removal, attached as "Exhibit A." In his "Supplemental Affidavit of Objections to Defendant's Motion to Dismiss," moreover, Sterling refers to the action as having been "Remov[ed] from the State Court[s] for want of Subject Matter Jurisdiction and Fed. Crimes." Suppl. Aff. 4.

## DISCUSSION

"It is settled that the [federal] removal statutes confine the right of removal from a state court to a federal district court to *a defendant or defendants*." *Conner v. Salzinger*, 457 F.2d 1241, 1243 (3d Cir. 1972); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941) (construing the federal removal statutes as authorizing removal of state court actions only by defendants); *Hughey v. SEPTA–Se. Pa. Transp. Auth.*, No. 17-2582, 2018 WL 1003372, at *1 (3d Cir. Feb. 16, 2018) (per curiam) ("[T]he right to remove a case from state to federal court is reserved to defendants, not plaintiffs."). Specifically, 28 U.S.C. § 1441, the statute governing removal of civil actions, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). Section 1443, the statute governing removal of civil rights cases, likewise provides that certain categories of cases implicating civil rights "may be removed *by the defendant*." *Id.* § 1443 (emphasis added). And in setting forth the procedure for removal of a civil action, § 1446 also makes clear that removal is the prerogative of the defendant. *See id.* § 1446(a) (describing procedures to be followed by "*[a] defendant or defendants* desiring to remove any civil action from a State court" (emphasis added)). Thus, as Sterling is the plaintiff in his state court case, he "does not have the right to remove the case to federal court." *Hughey*, 2018 WL 1003372, at *1.

In opposing DiGiorgio's motion to dismiss, Sterling does not dispute that this case is a removal of a state court action, but instead argues his federal claims—including his claims for violations of 18 U.S.C. §§ 241 and 242 and the federal RICO statute—are properly before this Court because they are within the Court's original jurisdiction under 28 U.S.C. § 1331. Insofar as Sterling wishes to pursue federal claims against Defendants in federal court, however, he must file a separate federal action. He cannot file a removal action and a new civil action in the same case.[6]

Because Sterling lacked authority to remove this case to federal court, this Court lacks jurisdiction to hear it. *See Conner*, 457 F.2d at 1242-43 (holding a district court lacked jurisdiction of an action removed by the plaintiff to federal court). Accordingly, the case will be remanded to the Court of Common Pleas of Philadelphia County. *See* 28 U.S.C. § 1447(c). An appropriate order follows.

BY THE COURT:


      /s/ Juan R. Sánchez     
Juan R. Sánchez, J.

---

[6] Even if the Court were to construe this action as a new civil action, rather than a removal action, the case would be nevertheless be subject to dismissal. Sterling primarily appears to seek to have Defendants prosecuted criminally—relief this Court lacks authority to grant. *See, e.g.*, *Yoder v. MacMain Law Grp., LLC*, 691 F. App'x 59, 60-61 (3d Cir. 2017) (per curiam) ("[A] private party has no right to compel enforcement of criminal laws." (citing *Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981))); *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 n.1 (per curiam) (3d Cir. 2013) ("[T]here is no federal right to require the government to initiate criminal proceedings." (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973))). And insofar as he seeks to pursue civil claims, such as a civil RICO claim, he has failed to comply with Federal Rule of Civil Procedure 8(a) by providing a "short and plain statement of the claim showing [he] is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Because the Court treats this action as a removal action, these observations are without prejudice to Sterling's right to file a new federal action if he wishes to pursue civil claims within this Court's jurisdiction.